UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JACKSON LEWIS LLP
One North Broadway, 15th Floor
White Plains, New York 10601
Tel: (914) 328-0404
Fax: (914) 328-1882
Attorney of Record:
     Michelle E. Phillips, Esq.
     Michael A. Frankel, Esq.
Attorneys For Defendants
Wachovia Corporation, Wachovia Bank, N.A.,
and Wells Fargo Advisors, LLC, f/k/a Wachovia Securities, LLC

---

MICHAEL B. PRESSMAN,

                  Plaintiff,

        v.

WACHOVIA CORPORATION,
WACHOVIA BANK, N.A., and WELLS
FARGO ADVISORS, LLC, f/k/a
WACHOVIA SECURITIES, LLC,

                  Defendants.

Case No. ___ CV ___ (  )

NOTICE OF REMOVAL



**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

**COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

     **PLEASE TAKE NOTICE:** that Defendants Wachovia Corporation, Wachovia

Bank, N.A., and Wells Fargo Advisors, LLC, f/k/a Wachovia Securities, LLC (hereinafter

"Defendants"), by and through their undersigned counsel, hereby invoke this Court's jurisdiction

under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, and state the following grounds in

support of removal of the above-captioned matter.

     1.    Plaintiff Michael Pressman ("Plaintiff") instituted the above-captioned

action in the Supreme Court of the State of New York, County of New York, by filing a Summons and Verified Complaint with that Court dated August 24, 2010. The Clerk received the Verified Complaint for filing on August 24, 2010 and assigned this action Index number 10-111306 (hereinafter referred to as the "State Action").

2.     On or about September 14, 2010, Plaintiff served Defendants a copy of the Summons and Verified Complaint filed in the State Action, by personal service on Faye Longobucco, a Retail Customer Service and Sales Representative. On or about September 24, 2010, Defendant Wells Fargo Advisors, LLC's registered agent was also served with a copy of the Summons and Verified Complaint from the New York Department of State. True and correct copies of the Summons and Complaint in the State Action are annexed hereto as Exhibit "A."

3.     The Summons and Verified Complaint constitute all process, pleadings and orders served upon Defendants in this matter to date. No further proceedings have been conducted in the State Action. Defendants have not served an Answer or other responsive pleading to Plaintiff's Summons and Verified Complaint. On October 6 and 7, 2010, counsel for the respective parties executed a Stipulation To Amend Caption And To Extend Time To Respond To Complaint. The parties stipulated and agreed that the case caption should be amended to name Wells Fargo Bank, N.A. as the only defendant in this action and that Wells Fargo Bank, N.A.'s time to answer, move or otherwise respond to Plaintiff's Verified Complaint be extended from October 4, 2010 to November 4, 2010. A copy of the Stipulation To Amend Caption And To Extend Time To Respond To Complaint is annexed hereto as Exhibit "B."

4.     This action is being removed to this Court on the grounds that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Specifically, there is diversity of citizenship between the parties, and Plaintiff is seeking over $12,000,000 in

damages, thereby satisfying the jurisdictional minimum of an amount in controversy of $75,000. Therefore, this action may be removed to this Court by the Defendants herein pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

5.     This Notice of Removal is being filed with this Court within thirty (30) days of Defendants' receipt of a copy of the Verified Complaint upon which the State Action is based, by service of process or otherwise, and before any proceedings have been conducted in the Supreme Court of the State of New York, County of New York.

## THE PARTIES

### Plaintiff

6.     According to his Verified Complaint, Plaintiff is a resident of the state of New York with an address at 500 West 56th Street, Apt. 1605, New York, New York 10019, and later at 171 Clermont Avenue, Apt. 3U, Brooklyn, New York. 11205.  Mr. Pressman was employed by Wachovia Bank, N.A., currently known as Wells Fargo Bank, N.A.

### Defendants

7.     Defendant Wachovia Corporation was dissolved on October 31, 2009.

8.     Defendant Wachovia Bank, N.A. merged into Wells Fargo Bank, N.A. effective March 20, 2010.  Wells Fargo Bank, N.A. is a national banking association organized pursuant to the laws of the United States of America.  Wells Fargo Bank, N.A. maintains its principal place of business in South Dakota.

9.     Defendant Wells Fargo Advisors, LLC, f/k/a/ Wachovia Securities, LLC, is incorporated in the state of Delaware and maintains its principal place of business in Missouri.

## THE STATE COURT ACTION

10.     Plaintiff alleges, inter alia, that Defendants discriminated against Plaintiff

on the basis of his actual or perceived disability and retaliated against Plaintiff for engaging in

protected activity in violation of the New York City Charter and Administrative Code, Title VIII,

§ 8-107 et seq. ("NYCHRL").

## THE COURT'S REMOVAL JURISDICTION

11.     28 U.S.C. § 1441(a) provides the basis for removal jurisdiction of this

Court in this action.  The section provides, in pertinent part, as follows:

> [A]ny civil action brought in a State court of which the district courts of the
> United States have original jurisdiction, may be removed by the defendant or the
> defendants, to the district court of the United States for the district and division
> embracing the place where such action is pending.

12.     The State Action is within the original jurisdiction of this Court based

upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  That section provides, in

pertinent part, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the
> matter in controversy exceeds the sum or value of $75,000, exclusive of interest
> and costs, and is between -
>
> (1) citizens of different States;
>
> …
>
> (c) For the purposes of this section and section 1441 of this title –
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been
> incorporated and of the State where it has its principal place of business…

13.     As set forth herein, Plaintiff is a citizen of the State of New York.  As also

set forth herein, Defendant Wachovia Corporation was dissolved on October 31, 2009.

Defendant Wachovia Bank, N.A. merged into Wells Fargo Bank, N.A. effective March 20, 2010.

Wells Fargo Bank, N.A. is a national banking association organized pursuant to the laws of the

United States of America.  Wells Fargo Bank, N.A. maintains its principal place of business in

South Dakota.  Accordingly, Wells Fargo Bank, N.A. is a citizen of the state of South Dakota.

Defendant Wells Fargo Advisors, LLC, f/k/a/ Wachovia Securities, LLC, is incorporated in the state of Delaware and maintains its principal place of business in Missouri.  Thus, Defendant Wells Fargo Advisors, LLC is a citizen of the states of Delaware and Missouri.

14.     Upon information and belief, the amount in controversy is in excess of $75,000.  Specifically, in his Verified Complaint, Plaintiff states that he seeks judgment against Defendants in the aggregate amount of $12,000,000 on his three causes of action.  (See Ex. A, Wherefore Clause).

15.     Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded claims upon which relief may be granted.

16.     Promptly after Defendants' filing of this Notice of Removal with the United States District Court for the Southern District of New York, Defendants will also file a Notice of Filing of Notice of Removal with the Supreme Court of the State of New York County of New York.  A copy of that notification is annexed hereto as Exhibit "B."  Defendants are also providing notice to Plaintiff of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that the State Action be removed from the Supreme Court of the State of New York, County of New York, to this Court.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway, 15th Floor
White Plains, New York 10601
(914) 328-0404

By: _Michelle E Phillips_
Michelle E. Phillips
Michael A. Frankel

ATTORNEYS FOR DEFENDANTS

Dated: October 12, 2010
White Plains, New York

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL B. PRESSMAN,

                    Plaintiff,

          v.                                    Case No. ___ CV ___ (   )

WACHOVIA CORPORATION,
WACHOVIA BANK, N.A., and WELLS
FARGO ADVISORS, LLC, f/k/a
WACHOVIA SECURITIES, LLC,

                    Defendants.

## CERTIFICATE OF SERVICE

          The undersigned, an attorney duly licensed before the courts of this State, hereby

certifies, under penalties of perjury, that a true and correct copy of Defendants' Notice of

Removal has been served via Federal Express, overnight mail, on the 12th day of October, 2010

upon counsel for Plaintiff at the address set forth below:

                    Michael G. Berger, Esq.
              Law Offices of Michael G. Berger
                 250 Park Avenue, 20th Floor
                    New York, NY 10177
                    *Attorneys for Plaintiff*

                                   _____
                                        Michael A. Frankel

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X

MICHAEL B. PRESSMAN,                                    Index No. 10 - 111306

                              Plaintiff,

          -against-                                      **SUMMONS**

WACHOVIA CORPORATION,
WACHOVIA BANK, N.A., and
WELLS FARGO ADVISORS, LLC, f/k/a
WACHOVIA SECURITIES, LLC,

                              Defendants.

------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANTS:

          YOU ARE HEREBY SUMMONED to answer the complaint in this
action and to serve a copy of your answer, or, if the complaint is not served
with this summons, to serve a notice of appearance on Plaintiff's attorneys
within 20 days after the service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of
New York); and in the case of your failure to appear or answer, judgment
will be taken against you by default for the relief demanded herein.

          Plaintiff designates New York as the place of trial.  The basis of venue
is Defendants' residences (CPLR § 503), the parties' agreement (CPLR §
501), and Plaintiff's designation (CPLR § 509).

Defendants' Addresses:              Plaintiff's Attorneys:

Wachovia Corporation                Law Offices of Michael G. Berger
180 Madison Avenue                  250 Park Avenue, 20th Floor
New York, NY 10016                  New York, NY 10177
                                    (212) 983-6000
Wachovia Bank, N.A.
180 Madison Avenue
New York, NY 10016

Wells Fargo Advisors, LLC, f/k/a
Wachovia Securities, LLC
180 Madison Avenue, New York, NY 10016

NOTICE:  This action is to recover compensatory, statutory and punitive damages under the New York City Human Rights Law (Administrative Code § 8-107, *et seq.*), together with attorney's fees, interest and costs, based on the facts alleged in the annexed VERIFIED COMPLAINT.

Upon your failure to appear, judgment will be taken against you by default in an amount to be determined at an inquest on damages, together with attorney's fees, interest and the costs of this action.

Dated:     New York, New York
           August 24, 2010

                    LAW OFFICES OF MICHAEL G. BERGER
                    250 Park Avenue
                    20th Floor
                    New York, NY 10177
                    (212) 983-6000
                    *Attorneys for Plaintiff*

                    By_____
                         Michael G. Berger

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____X

MICHAEL B. PRESSMAN,

                              *Plaintiff*              Index No. 10-111306

          -against-                                    **VERIFIED COMPLAINT**

WACHOVIA CORPORATION,
WACHOVIA BANK, N.A., and
WELLS FARGO ADVISORS, LLC, f/k/a
WACHOVIA SECURITIES, LLC

                              *Defendants.*
_____X

Plaintiff Michael B. Pressman ("Pressman"), by his attorneys, Law Offices of
Michael G. Berger, as and for his Verified Complaint against Defendants Wachovia
Corporation, Wachovia Bank, N.A., and Wells Fargo Advisors, LLC, f/k/a Wachovia
Securities, LLC, alleges as follows:

                              <u>NATURE OF THE ACTION</u>

1.       Pressman, a 25-year-old man who has a chronic form of leukemia, brings this
action for violation of his statutory rights, arising out of Defendants' discriminatory
termination of Pressman's employment because of an *actual* or *perceived* disability in
violation of New York City Human Rights Law ("NYCHRL") § 8-107(1)(a); or because of
Pressman's opposition to Defendants' prohibited activity, in violation of NYCHRL § 8-
107(7)(i).

2.       Because of Defendants' conduct in connection with Pressman's termination,
Pressman has effectively been precluded from employment in the financial services

industry for the rest of his career, forcing him to leave a position where he was on schedule to earn $200,000 per year, and to take a position in another field at $50,000 per year.

3.     Pressman seeks not less than $6,000,000 in compensatory damages, consisting of not less than $150,000 per year for forty years for future lost wages, and not less than $6,000,000 in punitive damages pursuant to NYCHRL § 8-502(a).

## PARTIES, JURISDICTION, AND VENUE

4.     At all relevant times alleged herein, Pressman was a citizen and resident of the City and State of New York, with an address at 500 West 56th Street, Apt. 1605, New York, New York, 10019, and later at 171 Clermont Avenue, Apt. 3U, Brooklyn, New York, 11205. At all relevant times alleged herein, Pressman worked at Defendants' office, located at 180 Madison Avenue, New York, New York, 10016, in the City and State of New York.

5.     Upon information and belief, Defendant Wachovia Corporation (the "Corporation") is a wholly owned financial services subsidiary of Wells Fargo & Company, with a place of business at 180 Madison Avenue, New York, New York, 10016.

6.     Upon information and belief, Defendant Wachovia Bank, N.A. (the "Bank") is a wholly owned subsidiary of Wells Fargo & Company, with a place of business at 180 Madison Avenue, New York, New York, 10016.

7.     Upon information and belief, Defendant Wells Fargo Advisors, LLC, f/k/a Wachovia Securities, LLC, (the "Broker-Dealer") is a Missouri limited liability company, with a place of business at 180 Madison Avenue, New York, New York, 10016.

8.     Pursuant to Wells Fargo & Company's purchase of Wachovia Corporation, which became effective on December 31, 2008, Wells Fargo & Company now wholly owns

Wachovia Corporation and Wachovia Bank, N.A., and Wachovia Securities, LLC now operates under the trade name Wells Fargo Advisors, LLC.

9.      At all relevant times alleged herein, the Defendant Corporation, the Defendant Bank and the Defendant Broker-Dealer employed Pressman and transacted business in the City, County, and State of New York.

10.      This Court has jurisdiction over this matter pursuant to CPLR § 301.

11.      Although Pressman is an "associated person" of a FINRA member organization, this claim is not arbitrable because FINRA Rule 13201 expressly precludes arbitration of discrimination claims under the circumstances present in this case.

12.      Venue is proper under CPLR § 501, §503, and § 509.

### FACTUAL ALLEGATIONS

A.      Defendants' Hiring and Wrongful Termination of Pressman
        Following His Disclosure of a Continued Leukemia Condition

13.      Pressman is a 25-year-old graduate of Boston University, and holds Series 6 and Series 63 broker licenses.  Upon graduating from college in 2006, Pressman worked briefly at Northwestern Mutual Investment Services, LLC, a longstanding national insurance and financial services company.

14.      In October 2007, Pressman was hired on behalf of the Defendant Corporation by the Defendant Bank to work at the Defendant Broker-Dealer as a licensed financial specialist at a starting salary of $65,000 per year.  Like many financial service companies, compensation for Defendants' sales-oriented employees, like Pressman, was largely based on commission-based payments.

15.      Pressman performed extremely well with Defendants and quickly became a Licensed Financial Specialist and an Officer of the Defendant Corporation.  By 2008, his

second full year with Defendants, Pressman earned almost $100,000 in base salary, commissions, and commission-related payments. On August 27, 2009, the day he was terminated, Pressman was on track to earn over $200,000 in base salary and commission-based payments for the year, and was ranked first out of 72 employees in Year to Date sales, and ranked first out of 71 employees in Month to Date sales. Pressman consistently received positive performance reviews and was never subject to any discipline until Defendants wrongly accused him of misconduct.

16.     On or about December 16, 2008, Pressman informed his immediate supervisor, Rossana Paniccia ("Paniccia") that he had been diagnosed with chronic myelogenous leukemia ("CML"). At the time, Pressman's illness was being managed by prescription medicine, and Pressman told Paniccia that he would not need any accommodation for his condition, but that he wanted her to be aware of it in case his condition later changed. In response, Paniccia said words to the effect of "I really hate to deal with these types of things, I am really not good at it."

17.     On or about July 31, 2009, Pressman let Paniccia know that he had recently received the results of a biopsy that had been performed in June 2009, which showed continued signs of leukemia. Pressman informed Paniccia that as a result, he needed to take the following day off for additional testing, and that he would possibly need some flexibility in his work schedule in the following months to undergo additional testing and treatment, including planned and unplanned time off. At all times, Pressman made it clear that although he might have to occasionally take a day or two off to undergo testing or receive treatment, his CML would not impact his ability to work full-time.

4

18.     A colleague of Pressman's, Ryan McGinnis ("McGinnis"), was demoted and reassigned to a less visible and trafficked branch after disclosing in or about June 2009 that he had been diagnosed with multiple sclerosis and a brain tumor.  Upon information and belief, McGinnis was demoted by Dominic Sedicino ("Sedicino") at the request of Regional Bank Director Eleanor Willets ("Willets"), to whom Paniccia also reports.  According to McGinnis, Sedicino had been frank about the fact that McGinnis was being moved because Willets was uncomfortable with someone with his illness being in such a customer-visible location.  Upon information and belief, McGinnis commenced a proceeding with the federal Equal Employment Opportunity Commission ("EEOC") against one or more of the Defendants following his demotion.

19.     In or about mid-August 2009, Pressman spoke with Human Resources regarding his opposition to the treatment that Defendants had subjected McGinnis to, and his concern that following his disclosure of his illness to Paniccia, he would be demoted or terminated.  In response to Pressman's communication, Defendants created a file on Pressman denominated Case Number IM2580312.

20.     On August 27, 2009, less than four weeks after Pressman's disclosure of the fact that he continued to have CML, and approximately two weeks after Pressman expressed his opposition and concern regarding Defendants' treatment of McGinnis, Paniccia falsely accused Pressman of violating certain company policies and procedures and Defendants terminated Pressman that very day.

21.     Specifically, Pressman was called into a meeting that day with Paniccia and two representatives from the Corporate Fraud Department at Wells Fargo, who questioned Pressman about his use of Code 64 to execute early client withdrawals from CD's and

waivers of early withdrawal fees. Pressman stated that he had been authorized by Paniccia in each case to do so, and offered to show the Corporate Fraud representatives the e-mails from Paniccia and other documentation evidencing such authorization. Paniccia denied giving such authorization and claimed that she had only found out about the transaction in question the week before, after the transaction had already been completed. Pressman was not allowed to return to his office to collect the e-mails and other documents to which he referred.

22.     After the Corporate Fraud representatives concluded their questioning, they held a separate meeting with Paniccia at which Pressman was not present. Upon the conclusion of that meeting, Paniccia and the Corporate Fraud investigators returned to Pressman, at which point Paniccia told Pressman he was being terminated and asked Pressman to sign a Corrective Action and Counseling Form (the "Form") setting forth the correction action being taken (dismissal) and the purported reasons for such action. When Pressman asked why he was being terminated, Paniccia merely read from the Form, which states in relevant part:

> Violation of code of conduct and Unethical Integrity
>
> (1) Manipulating the system and used appropriate codes when redeeming cd' [sic] or clients.
>
> (2) Violation of customer privacy. Falsifyed [sic] and created user id's for online access for cleint's [sic] accounts.
>
> (3) Violation of the confidentiality policy, when provided security information to non sighnerson [sic] accounts.

23.     As the stated reasons for Pressman's termination were demonstrably false, Pressman refused to sign the Form. Pressman was escorted from the premises, never to return.

24.     As detailed herein, Paniccia made her false accusations on the basis of purported conduct which had occurred before Pressman's disclosure of his biopsy results, and with full knowledge and express approval of Wells Fargo management, including Paniccia and others.  It was the first time Pressman had been notified of such alleged violations, which he vehemently denied to Paniccia and several Wells Fargo employees investigating the allegations.  Notwithstanding Pressman's denial and Wells Fargo's prior knowledge and approval of his conduct, and Pressman's ranking as first in Year to Date and Month to Date sales, Pressman was terminated, effective immediately, and deprived of his earned August 2009 commissions.

25.     At the time of his wrongful termination, Pressman was earning approximately $209,000 per year, based on a salary of $66,750 per year, and commission-based payments that projected to approximately $141,000 for the year based on a total of approximately $92,665 earned as of Pressman's termination date.

26.     Pressman's August 27, 2009 termination was confirmed by a letter dated August 31, 2009, and his timely appeal of his termination was denied by letter dated October 15, 2009.  This action followed.

B.     Each of the Purported Bases of Pressman's Termination Were False

27.     Pressman was (1) never provided with any of the particulars of any of the accusations; (2) never provided with any of the documents allegedly in support of the accusations; (3) never told the identities of the witnesses against him, much less given the opportunity to cross-examine such witnesses; (4) never given the opportunity to obtain and present witnesses, documents, and other evidence in his defense; (5) never given an impartial tribunal, but instead was found "guilty" by a supervisor who was a participant in

7

the very incident complained of; and (6) never afforded any other type of due process whatsoever.

28.      However, on the basis of the cryptic information read or later provided to him, Pressman understood that Defendants took the position that he had violated Defendants' Code of Conduct and acted unethically in the three instances referred to above.

29.      Pressman committed no such misconduct in any of these alleged instances, and, to the extent the cryptic claims can be understood, each is discussed in turn. Pressman reserves the right to supplement and otherwise amend his responses to these false and baseless charges upon receipt of further alleged details and purported documentation.

(1)      *Manipulating the system and used appropriate codes when redeeming cd' [sic] or clients.*

30.      Before Defendants falsely accused Pressman of having manipulated the system and other misconduct, Pressman had sought and obtained prior authorization from Paniccia to complete early withdrawals of certificates of deposits ("CD's") for a particular client.   Paniccia also authorized Pressman to waive the fees associated with such early withdrawals, in the amount of approximately $25,000 to $30,000.   Paniccia instructed Pressman to use "Code 64" to complete the transactions.

31.      Paniccia had also authorized Pressman to complete similar early withdrawal transactions and waive the associated fees on approximately five or six previous occasions. Pressman did not even know how to execute the waiver of the early withdrawal fees before Paniccia instructed him how to do so.

8

32.    An  additional  reason  behind  the  most  recent  authorization  before Claimaint's  termination  was  that  the  majority  managing  member  of  the  client  was suffering from a medical condition, which qualified him for the application of Code 64.

33.    At  all  times,  Pressman's  branch  manager,  Mara  Fylan  ("Fylan")  was  also aware of such authorizations.

34.    Accordingly,  Pressman  never  manipulated  the  system  or  used  inappropriate codes.

(2)    *Violation of customer privacy.  Falsifyed [sic] and created user id's for online access for cleint's [sic] accounts.*

35.    In  early  August  2009,  at  the  request  of  his  clients,  Pressman  created  70  to  80 online  access  accounts  to  enable  those  clients  to  check  their  account  statements  online. Some  of  these  clients  had  not  been  receiving  paper  statements  because  they  were  not engaging  in  any  transactions  at  the  time.   Those  who  had  been  receiving  paper  statements continued  to  do  so  after  the  online  accounts  were  in  place.   In  accordance  with  Paniccia's previously  stated  policy,  Pressman  assisted  these  clients  in  creating  their  online  accounts  by establishing  a  username  and  password  for  each  client  using  an  internet  browser  through his  work  computer.   Paniccia  instituted  such  a  policy  so  that  clients'  online  accounts  could be  activated  immediately  upon  request.   This  policy  also  made  it  much  more  convenient  to establish online accounts for commercial clients with multiple tax identifications.

36.    Accordingly,  Pressman  never  violated  any  customer  privacy  or  falsified anything.

(3)    *Violation of the confidentiality policy, when provided security information to non sighnerson [sic] accounts.*

9

37.    In one particular case, at the express request of one account holder, Pressman provided the account holder's username and password to the account holder's administrative assistant, who commonly handled the account bookkeeping.

38.    Accordingly, Pressman never violated any confidentiality policy.

C.    Events Following Pressman's August 27, 2009 Termination

39.    Upon information and belief, approximately one hour after Pressman's termination, Paniccia called Eric Hernandez ("Hernandez"), a colleague of Pressman, and asked Hernandez if he recalled whether she ever authorized Pressman to use Code 64 to effectuate early withdrawals from CD's, since she did not recall herself whether or not she did (despite adamantly denying ever giving Pressman such authorization during Pressman's termination meeting).  Upon information and belief, Hernandez told Paniccia that such information was outside of the scope of his responsibility, and that he did not recall either way.

40.    Following the August 27, 2009 meeting, Pressman received a letter dated August 31, 2009 notifying him of his termination, effective August 27, 2009.  Pressman was informed that he had 15 business days from his date of termination to submit an appeal of his termination, and timely submitted such appeal on September 14, 2009.

41.    Pressman's appeal contained detailed rebuttals of each of the allegations in the Form, and alerted the appeal tribunal to the fact that all of Pressman's actions had been authorized by Paniccia, and that there was written evidence of such authorizations in e-mails exchanged between Pressman and Paniccia.  Nevertheless, Pressman was informed by a letter dated October 15, 2009 that his appeal was denied and that his termination was being upheld.

10

42.     Upon information and belief, no employee of any of the Defendants was ever terminated for using either "appropriate codes" or "inappropriate codes," and other employees completed early CD withdrawals and waived the associated fees before and after Pressman's termination without consequence.  In particular, one of Pressman's former customers informed Pressman on or about October 14, 2009 that a Wells Fargo employee to whom his account had been transferred following Pressman's termination had recently completed early withdrawal transactions involving 5 CD's with an approximate value of $1,250,000 without charging that client any penalty fees.  Upon information and belief, that employee was not subject to any disciplinary action and is still an employee of Wells Fargo.

43.     Moreover, at least one other employee directly reporting to Paniccia regularly provided account information to the employees of business customers at the discretion of the signers on those accounts.

44.     At all relevant times, Defendants had policies and procedures memorialized in a written, progressive disciplinary policy, pursuant to which employees were generally first counseled, then put on corrective action, before termination, although Defendants reserved the right to terminate employees immediately in certain enumerated instances involving breaches of Defendants' confidentiality and privacy policies. Upon information and belief, no employee of Defendants has ever been terminated, been put on corrective action, or even counseled for instances of the type for which Pressman has been accused and terminated.

45.     Defendants' adverse employment actions against Pressman occurred directly after Pressman specifically alerted Defendants to his continuing medical problem, and after he specifically expressed his opposition to Defendants' treatment of his co-worker

11

McGinnis, and his concerns about demotion or termination, to Defendants' Human Resources department.

46.     Following his termination by Defendants, Pressman, through his own diligent efforts, had been able to secure new employment as a Wealth Manager with Merrill Lynch beginning in October 2009, and thereby attempt to partially mitigate the monetary damages inflicted by Defendants.   However, on November 25, 2009, Merrill Lynch informed Pressman that because of the circumstances of Defendants' termination of him, Merrill Lynch would be unable to register him, as was required of employees in his position. Accordingly, Merrill Lynch terminated his employment.

47.     Upon information and belief, Merrill Lynch's policy was consistent with industry practice, and Defendants have therefore rendered Pressman unemployable in the securities industry for his entire working life.

48.     Pressman has since then been unable to obtain any position in the securities industry, despite numerous attempts, and will continue to be unemployable in the securities industry; he is now employed in another industry offering lower compensation and diminished potential for increased compensation.  Specifically, Pressman is now working for a news organization at a salary of $50,000.

## FIRST CAUSE OF ACTION

### DISCRIMINATORY TERMINATION
### BASED UPON ACTUAL DISABILITY
### IN VIOLATION OF NYCHRL § 8-107(1)(a)

49.     Pressman repeats and realleges paragraphs 1 through 48 as if fully set forth herein.

12

50.     Upon information and belief, Defendants are and were at all relevant times alleged herein an "employer" under NYCHRL § 8-102(5) in that they have at least four persons in their employ.

51.     Upon information and belief, Paniccia is and was at all relevant times alleged herein an "employee" and/or "agent" of Defendants within the meaning of NYCHRL § 8-107(1)(a).

52.     Pressman is and was at all relevant times alleged herein a "person" under NYCHRL § 8-102(1) and has a "disability" under NYCHRL § 8-102(16).

53.     NYCHRL § 8-107(1)(a) makes it unlawful "for an employer or an employee or agent thereof, because of the actual or perceived...disability...of any person...to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

54.     By reason of the foregoing, Pressman was subjected to a discriminatory termination based upon an actual disability, damaging Pressman in an amount not less than $6,000,000, consisting of $6,000,000 in future lost wages as a result of Defendants' actions (approximately $150,000 per year in salary differential for approximately forty (40) years of working life remaining), and entitling Pressman to costs and reasonable attorneys' fees under NYCHRL § 8-502(f).

55.     Defendants' actions constituted intentional discrimination with malice, reckless indifference to Pressman's protected rights, and conscious disregard for its violation of the law and Pressman's protected rights, warranting punitive damages in the amount of $6,000,000.

<u>SECOND CAUSE OF ACTION</u>

13

DISCRIMINATORY TERMINATION
BASED UPON PERCEIVED DISABILITY
IN VIOLATION OF NYCHRL § 8-107(1)(a)

56.     Pressman repeats and realleges paragraphs 1 through 55 as if fully set forth herein.

57.     In the event this cause of action is deemed inconsistent with the previous cause of action, it is pleaded in the alternative, but only in the event of such inconsistency.

58.     By reason of the foregoing, Pressman was subjected to a discriminatory termination based upon a perceived disability, damaging Pressman in an amount not less than $6,000,000, and entitling Pressman to costs and reasonable attorneys' fees.

59.     Defendants' actions constituted intentional discrimination with malice, reckless indifference to Pressman's protected rights, and conscious disregard for its violation of the law and Pressman's protected rights, warranting punitive damages in the amount of $6,000,000.

## THIRD CAUSE OF ACTION

### DISCRIMINATION
### IN VIOLATION OF NYCHRL § 8-107(7)(i)

60.     Pressman repeats and realleges paragraphs 1 through 59 as if fully set forth herein.

61.     By reason of the foregoing, Defendants unlawfully discriminated against Pressman for opposing a practice forbidden under Chapter 1 of the New York City Administrative Code in violation of NYCHRL § 8-107(7)(i), damaging Pressman in an amount not less than $6,000,000, and entitling Pressman to costs and reasonable attorneys' fees.

14

62.    Defendants' actions constituted intentional discrimination with malice, reckless indifference to Pressman's protected rights, and conscious disregard for its violation of the law and Pressman's protected rights, warranting punitive damages in the amount of $6,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Pressman demands judgment in the aggregate amount of $12,000,000 as follows:

A.    On the First Cause of Action, judgment against Defendants for $6,000,000 in compensatory damages and $6,000,000 in punitive damages, together with costs and reasonable attorneys' fees;

B.    On the Second Cause of Action, judgment against Defendants for $6,000,000 in compensatory damages and $6,000,000 in punitive damages, together with costs and reasonable attorneys' fees;

C.    On the Third Cause of Action, judgment against Defendants for $6,000,000 in compensatory damages and $6,000,000 in punitive damages, together with costs and reasonable attorneys' fees;

together with interest, costs, disbursements, and such other and further relief that the Court may deem proper.

Dated: New York, New York
        August 2, 2010

LAW OFFICES OF MICHAEL G. BERGER

By: _____
    Michael G. Berger, Esq.
    250 Park Avenue, 20th Floor
    New York, New York 10177
    (212) 983-6000
    *Attorneys for Plaintiff*

H:\Pressman\verified.complaint.final.mgb.doc

## PLAINTIFF'S VERIFICATION

STATE OF NEW YORK          )

                                     : SS.:

COUNTY OF NEW YORK      )

 MICHAEL B. PRESSMAN, being duly sworn, deposes and says:

 I am the plaintiff in this action. I have read the foregoing Complaint, and know the contents thereof, and that the same are true to my knowledge, except for those matters stated to be on information and belief; and as to those matters, I believe them to be true.

        MICHAEL B. PRESSMAN

Sworn to before me this
_2ⁿᵈ_ day of August 2010

Notary Public

**MARA L. FYLAN**
Notary Public - State of New York
Registration Number 01FY6160956
Qualified - Kings County
My Commission Expires February 12, 2011

STATE OF NEW YORK, COUNTY OF                                                    ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐          certify that the annexed
**Attorney's**          has been compared by me with the original and found to be a true and complete copy thereof.
**Certification**

☐          say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
**Attorney's**                         . I have read the annexed
**Verification**          know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information
**by**          and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon
**Affirmation**          knowledge, is based upon the following.

          The reason I make this affirmation instead of                                    is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:                                                         ...........................................................................

                                                                                          *(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                  ss:
                                         being sworn says: I am

☐          in the action herein; I have read the annexed
**Individual**          know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
**Verification**          information and belief, and as to those matters I believe them to be true.
          the                                        of
☐          a corporation, one of the parties to the action; I have read the annexed
**Corporate**          know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
**Verification**          information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                          , 20       ...........................................................................

                                                                                          *(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                            ss:
                                         being sworn says: I am not a party to the action, am over 18 years of
age and reside at
          On                          , 20      , I served a true copy of the annexed
                                                      in the following manner:

☐          by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service
**Service**          within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:
**by Mail**

☐          by delivering the same personally to the persons at the address indicated below:
**Personal**
**Service**

☐          by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the
**Service by**          attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received,
**Electronic**          and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the
**Means**          U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐          by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time
**Overnight**          designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:
**Delivery**
**Service**

Sworn to before me on                          , 20

...........................................................................

                                                                                          *(Print signer's name below signature)*

ALL-STATE LEGAL®
07181-RF · 07182-BL · 07183-GY · 07184-WH
800.222.0510   www.aslegal.com

*Index No.*                    *Year 20*

---

MICHAEL B. PRESSMAN,

                         Plaintiff,

          -against-

WACHOVIA CORPORATION, WACHOVIA BANK, N.A.,
and WELLS FARGO ADVISORS, LLC, f/k/a
WACHOVIA SECURITIES, LLC,

                         Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

---

**MICHAEL G. BERGER**

*Attorney for*

250 PARK AVENUE
TWENTIETH FLOOR
NEW YORK, N.Y. 10177
(212) 983-6000

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* 8/24/10                Signature.....................

                                Print Signer's Name...... *Michael G. Berger*

---

*Service of a copy of the within*                                *is hereby admitted.*

*Dated:*

                                         *Attorney(s) for*

---

*PLEASE TAKE NOTICE*

☐  *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*
ENTRY                                                                      *20*

☐  *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.                                one of the judges of the within named Court,*
SETTLEMENT  *at*
          *on                    20         , at                    M.*

*Dated:*

                                         **MICHAEL G. BERGER**

                              *Attorney for*

                                         250 PARK AVENUE
                                         TWENTIETH FLOOR
                                         NEW YORK, N.Y. 10177

*To:*

*Attorney(s) for*

# EXHIBIT

# "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MICHAEL B. PRESSMAN,

                    Plaintiff,

          v.

WACHOVIA CORPORATION,
WACHOVIA BANK, N.A., and WELLS
FARGO ADVISORS, LLC, f/k/a
WACHOVIA SECURITIES, LLC,

                    Defendants.

Index No.: 10-111306

**STIPULATION TO AMEND
CAPTION AND TO EXTEND
TIME TO RESPOND TO
COMPLAINT**

WHEREAS, on or about August 24, 2010, Plaintiff Michael Pressman ("Plaintiff") filed a Verified Complaint naming Wachovia Corporation, Wachovia Bank, N.A., and Wells Fargo Advisors, LLC, f/k/a Wachovia Securities, LLC as Defendants in this action;

WHEREAS, Plaintiff alleges, among other things, that the above-named Defendants retaliated against him for engaging in protected activity and terminated his employment because of an actual or perceived disability in violation of the New York City Human Rights Law, New York City Charter and Administrative Code, Title VIII, § 8-107 et seq.;

WHEREAS, Wachovia Corporation was dissolved on October 31, 2009;

WHEREAS, Wachovia Bank, N.A. employed Plaintiff from in or about October 15, 2007 to in or about August 27, 2009 and was Plaintiff's employer during the time period at issue in Plaintiff's Verified Complaint;

WHEREAS, Wachovia Bank, N.A. merged into Wells Fargo Bank, N.A. effective March 20, 2010;

WHEREAS, Wells Fargo Advisors, LLC, f/k/a/ Wachovia Securities, LLC held Plaintiff's securities licenses;

WHEREAS, Wells Fargo Bank, N.A. is a properly named corporate entity in connection with Plaintiff's allegations in the Verified Complaint and is responsible for any and all liability to the extent, if any, that Plaintiff prevails on his claims at trial;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the underlying counsel for Plaintiff, the named Defendants and Wells Fargo Bank, N.A., that the case caption will be amended to name Wells Fargo Bank, N.A. as the only defendant in this action;

IT IS FURTHER STIPULATED AND AGREED that Wells Fargo Bank N.A. will not object to any discovery demands requesting information regarding any previously named Defendant solely on the grounds that such Defendant is not a party, and will produce any witnesses and/or documents of any previously named Defendant, to the extent such information or witness is available, in the same manner and to the same extent as if it were a party.

IT IS FURTHER STIPULATED AND AGREED that Defendant Wells Fargo Bank, N.A.'s time to answer, move or otherwise respond to Plaintiff's Verified Complaint in the above-captioned action shall be and hereby is extended from October 4, 2010 to and including November 4, 2010; and

IT IS FURTHER STIPULATED AND AGREED that Defendant Wells Fargo Bank, N.A. hereby waives any objection to service of process of Plaintiff's Complaint in this action.

2

LAW OFFICES OF MICHAEL G.
BERGER
    250 Park Avenue, 20th Floor
    New York, NY 10177
    (212) 983-6000

Date: 10/6/10

By: _____
    Michael G. Berger, Esq.

ATTORNEYS FOR PLAINTIFF


JACKSON LEWIS LLP
    One North Broadway, 15th Floor
    White Plains, New York 10601
    (914) 328-0404

Date: 10/7/10

By: _____
    Michelle E. Phillips, Esq.
    Michael A. Frankel, Esq.

ATTORNEYS FOR DEFENDANT WELLS
FARGO BANK, N.A.

3